**CHARLOTTE AIRCRAFT CORPORATION, Plaintiff-Appellee,**

v.

**BRANIFF AIRWAYS, INC., Defendant-Appellant.**

**No. 73-3038.**

United States Court of Appeals,
Fifth Circuit.

July 24, 1974.

Sam Daniels, Talbot W. Trammell, Miami, Fla., for defendant-appellant.

Jordan A. Greene, Robert Orseck, Robert L. Parks, Miami, Fla., for plaintiff-appellee.

Before WISDOM, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The parties agree that this is a fair statement of the issues on this appeal in a case governed by Texas law.

Stripped of sub-issues and arguments, the issues presented by Braniff concern only a challenge to the sufficiency of the evidence to support the crucial jury findings of an 'exclusive right to sell' contract [with Charlotte] for a 'reasonable commission' which findings were made in response to special interrogatories. In essence, the defendant argues that it was and is entitled to a directed verdict in its favor, negating those jury findings, or at least that it is entitled to a new

trial on the grounds that the findings are against the manifest weight of the evidence.

Despite substantial arguments touching on numerous provisions of the law of contracts, this case ends up as a sufficiency of the evidence dispute.

 There was adequate evidence on the basis of which a jury could conclude that Braniff granted to Charlotte the exclusive right to sell to Allegheny Airlines the airplanes and spare parts that Braniff wished to sell. By "exclusive right to sell" we mean that Braniff excluded itself from making a sale directly to Allegheny. Once it is determined that the existence of an exclusive right to sell was a jury issue, it then becomes clear to us that there was sufficient evidence on the basis of which a jury could conclude that, while there was no meeting of the minds of the parties on a 5% commission, there was an implied agreement that Charlotte would be paid a reasonable commission. The jury could find, as it did, that there was an oral contract pursuant to which Charlotte had an exclusive right to sell, with an implied provision that Charlotte was entitled to a reasonable commission. Indeed, once it is concluded that existence of an exclusive right to sell was a jury issue, it is difficult to understand Braniff's contention that it did not obligate itself as a part of such an arrangement to pay Charlotte a reasonable commission. If parties—one of them a broker normally operating on a commission basis—enter into an exclusive right to sell agreement, and there is no understanding as to a fixed rate of commission, the situation tends to require an inference that the grantor of the right to sell obligated himself to pay a reasonable commission. Otherwise, the broker is limited to the reasonable value of his services as compensation for consummating a sale or as damages for breach if the grantor sells around him—as Braniff did—in derogation of the grant.

 Braniff having made a direct sale of the planes to an airline included within the exclusive agency which the jury found was granted to Charlotte, was obligated to pay a reasonable commission.

Affirmed.